IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

DUSEAN MARTIN,

      Plaintiff,

      v.

THE GAP, INC.,

      Defendant.

Case No. 19-CV-00134

### DEFENDANT THE GAP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant The Gap, Inc. ("Defendant" or "The Gap") by and through its attorneys, hereby answers the Complaint filed by Plaintiff DuSean Martin ("Plaintiff"), as follows:

### PARTIES, JURISDICTION & VENUE

1. Defendant admits, upon information and belief, the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that The Gap is a foreign corporation that conducts business throughout the state of Ohio, including Groveport, Ohio. Defendant admits that Plaintiff's Complaint alleges that certain events occurred in Defendant's facility in Groveport, Ohio. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint purports to characterize terms defined under R.C. § 4112.01(A)(2) and R.C. § 4113.52, the provisions of which speak for themselves. Therefore, no response is required. To the extent a responsive pleading is required, Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff's Complaint alleges that certain events occurred in Franklin County, Ohio. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant removed this action from the Franklin County Court of Common Pleas to this Court, and makes no response regarding Paragraph 5 of the Complaint. To the extent a responsive pleading is required, Defendant admits that jurisdiction is proper in the Southern District of Ohio.

6. Defendant removed this action from the Franklin County Court of Common Pleas to this Court, and makes no response regarding Paragraph 6 of the Complaint. To the extent a responsive pleading is required, Defendant admits that venue is proper in the Southern District of Ohio.

7. Defendant removed this action from the Franklin County Court of Common Pleas to this Court, and makes no response regarding Paragraph 7 of the Complaint. To the extent a responsive pleading is required, Defendant admits that jurisdiction is proper in the Southern District of Ohio.

**FACTS**

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff was employed with Defendant as a Merchandise Processor beginning on or around June 6, 2014. Defendant further admits that Plaintiff's employment was terminated on or around February 24, 2018, for repeated violations of Defendant's attendance policy. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff is African-American.

12. Defendant admits that Plaintiff was investigated and disciplined while employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis they are denied.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff alleges he was involved in an incident involving the three named individuals in December 2017, and that the three individuals worked in a different department from Plaintiff. Defendant further admits that Marcellus James is an African-American male, Andrea Caison is an African-American female, and Sereth Ly is an Asian female. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis they are denied.

16. Defendant admits that Plaintiff spoke with a Human Resources Manager regarding the alleged incident. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and on that basis they are denied.

17. Defendant admits that Plaintiff spoke with a Human Resources Manager. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits that a Human Resources Manager reviewed video surveillance of the alleged incident without audio. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits that the other three individuals allegedly involved denied wrongdoing. Defendant denies that none of the three individuals allegedly involved were disciplined. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits the alleged incident was investigated, that the alleged witnesses Plaintiff identified were interviewed, and that the investigation was completed. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis they are denied.

22. Defendant admits that Plaintiff reported alleged incidents to a Human Resources Manager. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff reported that there were witnesses to the alleged incidents. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff reported alleged incidents to a Human Resources Manager. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits that actions were taken and that all individuals allegedly involved, including Plaintiff, were permitted to continue working for Defendant. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant admits that all four associates, including Plaintiff, were placed on restrictions regarding the departments in which they worked, and breaks were structured to avoid disruption. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff spoke to at least one manager regarding overtime. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant admits that all associates, including Plaintiff and the three other associates allegedly involved in the claimed incidents, were permitted to work overtime when

overtime opportunities were available in their departments. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis they are denied.

31. Defendant admits that Plaintiff did not file a complaint with Human Resources in or around the end of January 2018. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff's employment was terminated on or around February 24, 2018, for violating Defendant's No-Call/No-Show policy.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any rumors referenced in Paragraph 33 of the Complaint, and on that basis denies this allegation. Defendant denies any remaining allegations in Paragraph 33 of the Complaint.

34. Defendant admits that a Human Resources Manager that investigated Plaintiff's allegations was Caucasian. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant admits that Plaintiff complained to a Human Resources Manager. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## **COUNT I: RACE DISCRIMINATION UNDER R.C. § 4112 et seq.**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Paragraph 44 of the Complaint purports to characterize a term defined under R.C. § 4412 et. seq, the provisions of which speak for themselves. Therefore, no response is required. To the extent a responsive pleading is required, Defendant admits the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits that Plaintiff's employment with Defendant was terminated on or around February 24, 2018.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## COUNT II: WRONGFUL TERMINATION BASED ON RACE DISCRIMINATION

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Paragraph 57 of the Complaint purports to characterize a term defined under R.C. § 4412 et. seq, the provisions of which speak for themselves. Therefore, no response is required. To the extent a responsive pleading is required, Defendant admits the allegations in Paragraph 57 of the Complaint.

58. Defendant admits that Plaintiff's employment with Defendant was terminated on or around February 24, 2018.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## COUNT III: RETALIATION

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Defendant admits that Plaintiff complained to Defendant regarding non-protected and non-discriminatory activity. Defendant denies the remaining allegations in Paragraph 67 of the Complaint.

68. Defendant admits that Plaintiff's employment with Defendant was terminated. Defendant denies the remaining allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint purports to characterize a term defined under R.C. § 4112.02(I), the provisions of which speak for themselves. Therefore, no response is required. To the extent a responsive pleading is required, Defendant admits the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## **DEMAND FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief, including the remedies described and the relief requested in the "WHEREFORE" paragraph of the Complaint.

## **JURY DEMAND**

Defendant acknowledges that Plaintiff purports to demand a trial by jury, but otherwise denies any allegations in the Jury Demand.

## **GENERAL DENIAL**

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.

## **SEPARATE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent that they arose outside the applicable statutes of limitations.

3. Plaintiff's claims are barred to the extent any of the allegations in the Complaint are outside the scope of the administrative notice provided by Plaintiff.

4. Plaintiff's claims for damages may be barred, in whole or in part, to the extent he has failed to sufficiently mitigate any alleged damages.

5. Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

6. Plaintiff's claims are barred to the extent that Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory conduct and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

7. All of Defendant's actions toward Plaintiff were taken based upon legitimate, non-discriminatory and non-retaliatory reasons.

8. To the extent any alleged intentional discriminatory or retaliatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and was contrary to Defendant's good faith efforts to comply with federal and state law.

9. Plaintiff cannot recover punitive damages because the alleged violations by Defendant were not taken with reckless disregard of the rights of Plaintiff.

10. Plaintiff cannot recover punitive damages because, at all relevant times Defendant made a good-faith effort to comply with all applicable anti-discrimination and anti-retaliation statutes.

11. Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

Dated: January 22, 2019

Respectfully submitted,

THE GAP, INC.

By: */s/ George L. Stevens*
    One of Its Attorneys

George L. Stevens (0092609)
Jacklyn J. Ford (0055771)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Phone: (614) 464-6328
Fax: (614) 719-4678
jjford@vorys.com
glstevens@vorys.com

Thomas F. Hurka (*pro hac vice forthcoming*)
Philip J. Pence (*pro hac vice forthcoming*)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Fifth Floor
Chicago, IL 60601-5094
(312) 324-1000
(312) 324-1001 fax
thomas.hurka@morganlewis.com
philip.pence@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that I served the foregoing via electronic mail on:

>Matthew G. Bruce
>The Spitz Law Firm, LLC
>25200 Chagrin Blvd.
>Suite 200
>Beachwood, OH 44122
>513-883-1147
>Matthew.Bruce@spitzlawfirm.com
>Evan.McFarland@spitzlawfirm.com
>
>*Attorneys for Plaintiff DuSean Martin*

>*/s/ George L. Stevens*
>    George L. Stevens